EUGENE G. GILSDORF, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gilsdorf v. Commissioner
Docket Nos. 4325-83, 28806-83.
United States Tax Court
T.C. Memo 1985-298; 1985 Tax Ct. Memo LEXIS 336; 50 T.C.M. (CCH) 181; T.C.M. (RIA) 85298; June 20, 1985. Ronald Rosen, for the respondent. BUCKLEY MEMORANDUM OPINION BUCKLEY, Special Trial Judge: These consolidated cases were assigned to the undersigned pursuant to section 7456 of the Code and Rules 180 and 181. [1] They are before us on respondent's oral motion to dismiss for failure properly to prosecute and for the imposition of damages pursuant to section 6673. Petitioner did not answer the calendar call. We grant respondent's motions. *337 Respondent determined deficiencies in petitioner's Federal income taxes as follows: Additions to Tax
Year
Income Tax
§ 6651(a)
§ 6653(a)
§ 6654(a)
Docket No. 4325-83: 1978
$2,675
$668.75
$133.75
$85.60
1979
3,363
840.75
168.15
141.24
1980
3,676
919.00
183.80
235.26
Docket No. 28806-83: 1981
4,956
1,239.00
[2] 247.80
376.65
The deficiency notices to petitioner were based upon petitioner's failure to file an income tax return for any of the years in question and upon unreported income from compensations as follows: 1978
$15,734
1979
18,525
1980
19,516
1981
23,476
Petitioner timely filed petitions with this Court in Docket No. 4325-83 which he alleged his residence to be Lakewood, California, and in Docket No. 28806-83 to be Riverside, California. In both petitions various allegations of a tax-protester nature were made. Thus, petitioner alleged that he was not required to file income tax returns or to pay income tax for the years in question, that he received nothing during those *338 years of known tangible value, that he enjoyed no grant of privilege or franchise and that he did not volunteer to self-assess himself for taxes. Petitioner forwarded to this Court a substantial number of documents, most of which were filed and some of which were simply retained for informational purposes. Whether filed or not, each document required the attention of a judge or a clerk. Those documents which were lodged or filed in each docket were: Request for Jury Trial Motion for Summary Judgment Motion for More Definite Statement Motion to Dismiss Statement of Uncontroverted Facts Motion to Dismiss Pursuant to Rule 53 Each of petitioner's documents, including his two petitions, were frivolous. They presented time-worn and long rejected arguments of a protester nature. We take judicial notice of the fact that petitioner is but one of several hundred persons in southern California who have filed petitions and other papers with this Court of a substantially, identical nature. [3]
*339 A notice of deficiency is ordinarily presumed correct, and the taxpayer bears the burden of proving that respondent's determination of his taxable income is erroneous. ; Rule 142(a). Petitioner, by failing to respond to the call of the calendar, has refused to prosecute his cases or to offer evidence in regard to them. Rules 123(b) and 149(b) provide: RULE 123. DEFAULT AND DISMISSAL * * * (b) Dismissal: For failure of a petitioner properly to prosecute or to comply with these Rules or any order of the Court or for other cause which the Court deems sufficient, the Court may dismiss a case at any time and enter a decision against the petitioner. The Court may, for similar reasons, decide against any party any issue as to which he has the burden of proof; and such decision shall be treated as a dismissal for purposes of paragraphs (c) and (d) of this Rule. * * * RULE 149. FAILURE TO APPEAR OR TO ADDUCE EVIDENCE * * * (b) Failure of Proof: Failure to produce evidence, in support of an issue of fact as to which a party has the burden of proof and which has been conceded by his adversary, may *340 be ground for dismissal or for determination of the affected issue against that party. * * * In addition, we consider respondent's motion for the imposition of damages under section 6673. That section provides that this Court shall award damages up to $5,000 when proceedings have been instituted or maintained for delay or where the position in such proceedings is frivolous or groundless. Petitioner's position in each of these cases is frivolous. It is groundless. Accordingly, we award damages to the United States in the amount of $5,000 in Docket No. 4325-83 and in the amount of $5,000 in Docket No. 28806-83. Appropriate orders and decisions will be entered.
Footnotes
1. Section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Together with 50 percent of the interest due on $4,956 under the provisions of section 6653(a)(2).↩
3. See, e.g., ; ; ; .↩